Foot, J.
 

 — The respondents, having a mortgage against one Otto, filed an ordinary bill to foreclose it, and made the appellant a party defendant, under the general allegation that he had or claimed some interest in the mortgaged premises, which had accrued subsequently to the lien of the mortgage, and was subject to it. The appellant put in an answer, setting up a title to the mortgaged premises, by virtue of an adverse possession of more than twenty years’ duration, before the giving of the mortgage, and insisting that the lien by the mortgage could not be enforced against him. Issue being joined by a-general replication, the parties proceeded to proofs; the appellant to show that his possession was adverse to the title of the mortgagor, and the respondents, that it was in submission to it, by reason of an alleged tenancy existing between the appellant and the grantors of the mortgagor.
 

 The question raised below, and now before this court on review, is, whether the court of chancery, on an ordinary bill for foreclosure, can take cognisance oí and settle a contest concerning a legal title, like that pxe sented in this case.
 

 
 *82
 
 *It must be observed, that the contest does not arise from any transaction occurring since the mortgage was given, nor even since the mortgagor acquired his title, or with him, but on transactions occurring between the appellant and antecedent owners of the title, some of them, many years, and the latest, more than a year before the mortgagor obtained his title. It must also be observed, that the issue between the parties is one of adverse possession. Whenever that issue is raised, a mixed question of law and fact is presented, which is purely of legal cognisance.
 

 The controversy between the parties in this case, respecting the appellant’s claim of title to the mortgaged premises, has been fully investigated in the supreme court, sitting as a court of equity, and probably rightly decided. I have, consequently, sought earnestly and diligently for some authority to justify this court in holding that a court of chancery, on a bill for foreclosure, can entertain a question concerning a legal title between a third person and the mortgagor, arising anterior to the giving of the mortgage, but can find none; and, on the contrary, all concur in upholding the rule stated by Chancellor Walworth, in the case of the
 
 Eagle Eire Co.
 
 v.
 
 Lent
 
 (6 Paige 637), viz., “ so far as mere legal rights are concerned, upon a bill of foreclosure, the only proper parties to the suit are the mortgagor and mortgagee, and those who have acquired rights or interests under them subsequent to the mortgage. And the mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant, for the purpose of trying the validity of his adverse claim of title in this court.” (See also
 
 Lange
 
 v.
 
 Jones,
 
 5 Leigh 192;
 
 Stuart’s Heirs
 
 v.
 
 Coulter,
 
 4 Rand. 74; opinion of Carr, J., and cases cited by him, pp. 77 to 85;
 
 Frelinghuysen
 
 v.
 
 Colden,
 
 4 Paige 206;
 
 Holcomb
 
 v.
 
 Holcomb,
 
 2 Barb. 22, 23.)
 

 When a question like that in this case arises in the
 
 *83
 
 court of chancery, either on demurrer, or pleadings and proofs, the chancellor must look into it far enough to see what its character is, * „nd having ascer- ^ tained that, should order the bill dismissed as to the party improperly before the court; that should have been done in this case by the supreme court. The respondents should have taken earlier action; when the answer of the appellant came in, under their general allegation, that he had some interest accruing subsequently to the mortgage, and they found that he had not, but had an interest accruing anterior to it, and insisted that the mortgage lien could not be enforced against him, they should have dismissed their bill as to him, unless they believed, and were willing to take the responsibility of showing, that his interest arose subsequently to the mortgage.
 
 [1]
 

 The judgment of the supreme court should be reversed, as to the appellant, and the bill dismissed as to him, with costs in the supreme court, without prejudice to the rights of the respondents in any other suit or proceeding.
 

 Ordered accordingly.
 

 [1]
 

 See Brown v. Volkening, 64 N. Y. 76.