WILLIAM L. BANNING *vs.* JOHN F. BRADFORD and others.

Jan. 11, 1875.

Action to Foreclose Mortgage—Adverse Claimant improperly made Defendant.— A mortgagee cannot maintain an action to foreclose his mortgage against one who claims the premises described in the mortgage, by a title adverse and, if valid, paramount to that of the mortgagor.

Action held not to lie against Mortgagee by one claiming adversely to Mortgagor. —Neither an equitable action for the discharge of a mortgage, nor an action under the statute for determining adverse liens, can be maintained against the mortgagee by one whose only estate or interest in the premises described in the mortgage is founded on a title adverse and, if valid, paramount, to that of the mortgagor.

Action to foreclose a mortgage upon Lot 7, in Block 128, and Lot 8, in Block 129, in Minneapolis, made by the defendant Bradford, the complaint alleging as to the other defendants that they "claim some estate or interest in said mortgaged premises, accruing subsequent to the lien of said mortgage." Bradford did not answer the complaint. Goodrich, one of the defendants, in his separate answer, alleges "that at the time of the execution of the mortgage, * * * said Bradford had no right, title or interest in or to Lot 7, * * * and that said Bradford has not now nor ever has had any right, title or interest in or to said lot. And defendant further alleges that he is the owner of said

Lot 7 in fee simple, and that he is now in lawful possession of the same; and further alleges that in the year 1855, and before the execution of said mortgage, the immediate grantor of this said defendant Goodrich, and this said defendant Goodrich, were, are now, and ever since have been lawfully possessed of said lot. Wherefore this said defendant demands that said mortgage be discharged of record, and declared void, as to said Lot 7, and judgment for costs." The other defendants joined in a like answer as to Lot 8. The plaintiff replied to the counterclaims contained in the answers.

At the trial in the district court for Hennepin county, before *Vanderburgh,* J., the only matter litigated was the title to the mortgaged premises, the title asserted by defendants being wholly adverse to that of Bradford, the mortgagor, asserted by plaintiff. The judge found as facts the various conveyances, etc., by which the parties respectively claimed to derive title from one Hanson, as a common source, and, among other conclusions of law, found as follows: "The evidence of the plaintiff, (and it is not contradicted,) * * * is insufficient to establish the title of Bradford, the mortgagor, to the mortgaged premises when said mortgage was executed; and upon the facts found touching this point, and the title disclosed by the defendants Goodrich and White, the plaintiff is not entitled to the relief sought, as against said defendants; but that the defendants (except said Bradford) are entitled to judgment." A new trial was refused, and plaintiff appealed.

*H. J. Horn,* for appellant.

*Cooley & Lowry,* for respondents.

Young, J. It is unnecessary to consider the grounds upon which this application for a new trial is based, or those on which it is opposed; for we are of opinion that upon the admitted facts of this case, neither party to this appeal has any cause of action against the other.

The appellant's mortgage, upon which this action is founded, was not a conveyance of any estate or interest in the land

in question.   It was merely an executed contract between the appellant and Bradford, the mortgagor, whereby the former obtained a lien upon the estate of the latter, but no estate or interest in the land itself.   By the mortgage, the appellant could acquire no rights as against any one except the mortgagor, and those claiming, through him, rights and interests in his estate.   As against the respondents, who were not parties to the contract, and claim no rights under it, and no rights or interests in the estate mortgaged, but who claim a legal estate in fee in the land, by a title adverse and, if valid, paramount to that of Bradford, the appellant could acquire by his mortgage no rights whatever.   They are strangers to him and his mortgage, as much so as if they claimed no estate of any kind in the land ; and their estate and title, whether valid or invalid, can be in no way affected by a transaction which, as to them, is wholly *res inter alios acta*.

As the appellant's mortgage affected only the estate of Bradford, the respondents can have no interest in the suit brought to foreclose it.   The proper object of such an action is to subject the mortgaged estate to the payment of the mortgage debt.   The only proper parties are the mortgagor and the mortgagee, and those who have acquired rights or interest under them in the mortgagor's estate ; for these are the only persons having any rights or obligations growing out of the mortgage, or interested in any manner in the subject-matter of the action.   A stranger claiming adversely to the title of the mortgagor, as he is not affected by the mortgage, is in no way interested in the foreclosure suit.   It can make no difference to him whether the mortgage is valid or invalid, whether it be discharged or foreclosed, whether the estate mortgaged, the only estate which can be affected by the decree, remains in the mortgagor, or is transferred to another.   As such adverse claimant is a stranger to the mortgage and to the mortgaged estate, he has no interest in the subject-matter of the action, there is no privity between him and the plaintiff, and the plaintiff

has no right to make him a party defendant, for the purpose of trying his adverse title in the foreclosure suit. Story Eq. Pl. §§ 226, 227, 230, 231, 262, 513, 517, 519. 1 Dan. Ch. Pr. (3d Am. Ed.) 239, 330, 331, 582, 605. *Eagle Ins. Co.* v. *Lent*, 6 Paige, 635 ; *Holcomb* v. *Holcomb*, 2 Barb. 20 ; *Corning* v. *Smith*, 6 N. Y. 82 ; *Lewis* v. *Smith*, 9 N. Y. 502 ; *Frost* v. *Koon*, 30 N. Y. 428, 444 ; *San Francisco* v. *Lawton*, 18 Cal. 465 ; *Pelton* v. *Farmin*, 18 Wis. 222 ; *Chamberlain* v. *Lyell*, 3 Mich. 448 ; *Wright* v. *Dudley*, 8 Mich. 115 ; and see *Newman* v. *Home Ins. Co.*, 20 Minn. 422.

There is even less ground for allowing the plaintiff to make a person claiming an adverse title a party defendant, in a suit by mortgagee against mortgagor for the foreclosure of a mortgage, than in a suit by purchaser against vendor for specific performance, or by grantee against grantor for the reformation of a deed. In each of these cases, the plaintiff has an estate in the land, legal or equitable, while a mortgagee has no estate or interest, but only a lien upon the land. But it is perfectly well settled that in neither of these can a stranger, claiming adversely to the vendor or grantor, be made a party, for the plaintiff has no cause of action against him growing out of the contract or conveyance sought to be enforced or reformed. *Lange* v. *Jones*, 5 Leigh, 192 ; *Stuart's Heirs* v. *Coalter*, 4 Randolph, 74.

In the case at bar, the complaint alleges that the respondents " claim some estate or interest in said mortgaged premises, accruing subsequent to the lien of said mortgage." Assuming that this is a sufficient allegation of a claim under the mortgagor, the complaint would not be open to a general demurrer. But the title set up by the respondents in their answer, (the nature of which appears in the undisputed facts found by the court,) being wholly adverse to that of the mortgagor, the appellant, when apprised that the respondents claimed nothing under the mortgage, that they had no interest in or lien upon the equity of redemption, and that, therefore, no action to foreclose such equity

of redemption would lie against them, should have dismissed the action as to them; (for, as will appear, the answer sets up no valid counterclaim.) *Corning* v. *Smith*, 6 N. Y. 82.

If he desired to contest the respondents' title, he could have done so, after acquiring by the foreclosure suit that of the mortgagor, in an action of ejectment against the person in possession, or, if the possession were vacant, by the statutory action provided for that purpose. The statute abolishing the distinction between actions at law and suits in equity only affects the form of action, and does not confer any new rights of action, or make any state of facts a cause of action, which, before the statute, would have been insufficient to sustain any form of action. If the complaint states any cause of action against the respondents, it is sufficient; but in showing that, upon the conceded facts of the case, the appellant has no cause of action against the respondents for the foreclosure of his mortgage, we have also shown that he has no cause of action of any kind against them. Having no interest or estate in the land, being a mere lienholder, without possession or right of possession, he can, as such, have no cause of action against the respondents, who claim to own the land by a title adverse to that of the person upon whose estate he holds his lien.

The same considerations which show that the appellant has no cause of action against the respondents are equally conclusive against any right of action in the latter against the former for the discharge of the mortgage. Having no interest in the mortgage or the mortgaged estate, they can have no interest in the discharge of the mortgage. Strangers to the mortgage, and claiming nothing under either of the parties to it, they are in no better position than any other strangers to sue for its discharge.

Nor are the facts alleged in the pleadings, and found by the court in favor of the respondents, sufficient to sustain an action by respondents against appellant, under the statute for determining adverse claims to real property, even if

the amendment of 1874 has any application to previously existing suits. Gen. Stat., ch. 75, § 1; Laws 1874, ch. 68. Whatever may be the true construction of the term "adverse lien," as used in the act of 1874, there is nothing in the lien of appellant's mortgage which is adverse to the respondents. The claim asserted by the appellant is a claim of lien on Bradford's estate, whatever that may be. Giving to it the full effect claimed by the appellant, this lien cannot in any manner affect the estate of either of the respondents, nor can the appellant found upon it any proceedings whatever against the respondents or either of them. Such a lien is entirely foreign to the respondents' several estates, and is no more adverse to them, or either of them, than would be a lien or claim of lien upon an adjoining piece of land, in or upon which they claimed no estate, interest or lien.

As the facts pleaded in the answer, and found by the court, show that the respondents have no right, legal or equitable, on which they could found an action for the discharge of the mortgage, or for the determination of any claim of the appellant under it, these same facts are, of course, wholly insufficient to constitute a counterclaim, or equity, within the statute relating to counterclaims. Gen. Stat., ch. 66, §§ 79, 80; *Barker* v. *Walbridge*, 14 Minn. 469.

Neither party being entitled, on the conceded facts of the case, to any affirmative relief as against the other, it can make no difference whether the facts in dispute are found in favor of the appellant, or the respondents. In either event, any judgment for such relief must, of necessity, be reversed on appeal, as not sustained by the findings of fact. It is therefore useless to grant a new trial, when any number of trials, whatever their result, cannot change the final disposition of the case. We are not now concerned with the enquiry as to what would be the effect of a judgment for either party for the relief prayed for, if relied on in any subsequent litigation of the title to this land, between Bradford, or one clothed with his title, on the one hand, and the respond-

ents, on the other; but it is not easy to see how Bradford should be in any way concluded by a judgment upon his title in this litigation between the appellant and the respondents, to which he is not a party. The inconclusive character of such a judgment is, indeed, an argument to show that questions like that in issue between these parties ought not to be litigated in actions like the present, or in any action between the appellant and the respondents; but we rest our decision not at all on the argument *ab inconvenienti*, but solely on the ground of the absence of any right of action in either party as against the other—and this, without examining the testimony as to the facts in dispute, to see whether any of it was improperly admitted, or whether it sustains the finding of the court.

The court below has found that the respondents " are entitled to judgment," and presumably to judgment for the relief prayed in their respective answers. Although upon this appeal from an order denying a new trial, we are of opinion, for the reasons stated, that the order appealed from should be affirmed, yet, as a judgment according to the findings and order of the district court would be erroneous, it may not be amiss to point out the disposition which should be made of this case. Where it appears that the defendant in a foreclosure suit claims a title adverse to the mortgagor, by the practice in some states such adverse rights are expressly saved in the decree; *San Francisco* v. *Lawton*, 18 Cal. 465; but it is believed to be more in accordance with the usual practice in courts of equity that, in such a case, the court should order the action dismissed as to those persons improperly made defendants, the dismissal to be without prejudice to the plaintiff's rights in any other suit or proceeding. *Corning* v. *Smith*, 6 N. Y. 82.

Order denying a new trial affirmed.