[Department Two.—February 15, 1883.]

M. M. ODELL ET AL., RESPONDENTS, v. HANNAH WILSON ET. AL., SAMUEL KAY, APPELLANT.

63  159
121  632
63  159
144  882

MORTGAGE FORECLOSURE—TAX TITLE—JUDGMENT.—In an action to foreclose a mortgage, the mortgagors and one Samuel Kay were made defendants. The complaint alleged that Kay had or claimed some interest in the premises subsequent and subject to the mortgage. Kay answered denying that the interest claimed by him was subsequent or subject to the mortgage. It appeared from the evidence that his claim was founded upon a deed executed on a sale for taxes made after the mortgage was given. The court found that the claim was invalid, that Kay had no interest in the premises, and that the allegations of the complaint were true. A judgment was rendered accordingly. *Held*, that the judgment was erroneous, that the title claimed by Kay was adverse, and not subject to the mortgage; that its validity could not be determined in such an action, and that the judgment should have been without prejudice to the rights of Kay under the tax deed.

ID.—CROSS-COMPLAINT TO QUIET TITLE.—In addition to the answer, Kay filed a cross-complaint against the plaintiffs, alleging that he was the owner of the premises, and praying that his title be quieted. *Held*, that the cross-complaint was not a proper proceeding, and should have been dismissed.

APPEAL from a judgment of the Superior Court of the county of Sacramento, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Dunlap & Van Fleet*, for Appellant.

*L. S. Taylor*, for Respondents.

THORNTON, J.—This action was brought to foreclose a mortgage on certain lots in the town of Folsom. One Samuel Kay was made a party defendant, and it was alleged that he had or claimed to have some interest or claim upon the mortgaged premises, which was subsequent and subject to the lien of the mortgage. This Kay denied.

In the view we take of the case the other pleadings need not be noticed.

The court found that the claim of Kay was invalid, that he had no interest in the premises, and that all the allegations of his answer were untrue. It further found that all the allegations of the complaint were true.

In finding the allegations of the complaint to be true the court did not find according to the evidence; for the evidence shows that the title of Kay was one arising upon a sale for taxes

for which he held a tax deed, executed by the sheriff as tax collector, and this was not a title subject to the mortgage, but adverse to the title of mortgagors and those claiming under them. Any decree made against Kay should have been without prejudice to his claim of title under the tax deed. (*San Francisco* v. *Lawton,* 18 Cal. 465; 21 Cal. 590; *Elias* v. *Verdugo,* 27 Cal. 425; *Hibernia S. & L. Society* v. *Ordway,* 38 Cal. 681.)

The cross-complaint of Kay should have been dismissed, and a decree of foreclosure should have been rendered as above indicated. The issues arising on the cross-complaint and answer thereto should be determined in another action. We see no case made for a cross-complaint. (*Moyle* v. *Porter,* 51 Cal. 639.) Further, the proper parties are not made to determine the issues arising on it. The mortgagors holding the legal title should have been made defendants. The only parties made defendants were the plaintiffs, who were the mortgagees.

The judgment and order are reversed, and the cause remanded for proceedings in accordance with this opinion.

Sharpstein, J., and Myrick, J., concurred.