HUDSON WILSON and others, Executors, *vs.* A. P. JAMISON, impleaded, etc.

October 26, 1886.

Foreclosure of Mortgage by Action—Trial of Adverse Title.—In an action to foreclose a mortgage, the holder of a junior lien being made a party defendant, the parties may litigate the validity of a tax-title asserted by the holder of the junior lien as an absolute title to the land, discharged of the lien of the mortgage.

Same — Acquisition of Tax-Title by Junior Lien-holder. — As to whether a judgment creditor of the mortgagor, the lien of the judgment being junior to the mortgage, is disabled, as against the mortgagee, to acquire a tax-title, so as to divest the lien of the mortgage, the court being equally divided in opinion, the decision of the court below that there is no such disability is affirmed.

Appeal by plaintiffs from a judgment of the district court for Waseca county, where the action was tried before *Buckham, J.*, without a jury.

*William Ely Bramhall*, for appellants.

*B. S. Lewis*, for respondent.

DICKINSON, J.    This is an action to foreclose a mortgage given in 1875 by the defendant Gadient, the owner of the land, to McCutchen, of whose estate the plaintiffs are executors.    In 1880 the defendant Jamison recovered a judgment, which was docketed in the county in which the land in question is situated, against the mortgagor, Gadient.    From the findings of the court, it further appears that in August, 1881, under the law of 1881 relating to forfeited lands, judgment was rendered charging this land with taxes for the year 1875, and several subsequent years, and the land was sold under such tax judgment in September, 1881; this defendant Jamison being the purchaser, and receiving the proper certificate of sale.    Tax judgments were also rendered against the land in 1882, 1883, and 1884, for the delinquent taxes of 1881, 1882, and 1883, respectively.    Sales were made of the land under each of these judgments, to persons who purchased in behalf of Jamison, and who afterwards assigned to him the interest acquired by them by such purchases.    During all this time Jamison was the owner of the judgment, which was a lien upon a portion of the land, 80 acres of the tract being a homestead.    At the time of the recovery of the judgment against Gadient, and until after the commencement of this action, Gadient resided upon the land.

The court determined that, by the tax sales in 1881 and 1882, no redemption having been made, Jamison acquired title in fee, and that he holds the same discharged of the mortgage, and that a foreclosure sale of the mortgaged premises should therefore not be decreed.    Judgment was entered accordingly, in which title in fee was adjudged to be in Jamison, discharged from the lien of the mortgage. This appeal is from the judgment.

It is urged that in this action there could be no such adjudication in favor of Jamison, and *Banning* v. *Bradford*, 21 Minn. 308, is relied upon as supporting this position.    It may be conceded that the complaint does not tender an issue as to the validity of the tax judg-

ments or sales, but only whether the judgment creditor, as a pur-- chaser at the tax sales, (assuming the judgments and sales to have been valid,) stood in any other position as to the mortgagee than one having a junior lien or estate, with a right to redeem from the mortgage. But, taking into consideration the answer and the reply, the issues joined were broad enough to enable the parties to litigate, and the court to adjudicate, as to the validity of Jamison's asserted title, if the parties could in such an action submit such an issue, and if the court could entertain it; and it is to be here presumed, in favor· of the determination and judgment in review, nothing appearing from the record to forbid the presumption, that all matters adjudicated, at least all which might have been litigated under the pleadings, were submitted for determination. The case is distinguishable from that of *Banning* v. *Bradford, supra,* by the fact that the adverse title which is the subject of this adjudication was acquired subsequent to the mortgage. The original validity of the mortgage was not brought in question, but the tax-title, if valid, had the effect to relieve the land from the incumbrance of the mortgage, and to extinguish the right of the mortgagee to the remedy here sought; that is, to have the land sold for the satisfaction of his debt. Whether the lien of the mortgage had been thus extinguished, depended upon the validity of the tax-title. In an action in which it is sought to enforce the mortgage through a judgment for a sale of the premises, we recognize no impropriety in an adjudication as to the validity of the title asserted by the defendant, and which, if valid, has, in effect, superseded or· extinguished the lien of the mortgage. Such a fact would be a sufficient reason why the mortgage should not be enforced by a decree· for the sale of the premises. As to this point, the case is closely analogous to that of *Churchill* v. *Proctor,* 31 Minn. 129, (16 N. W.. Rep. 694,) where, in such an action, the right to contest, for the purpose of avoiding an adverse estate which, if valid, defeated the mort-· gage, was sustained; and see *Allison* v. *Armstrong,* 28 Minn. 276, (9· N. W. Rep. 806,) where a judgment, sustaining the asserted adverse title, was reversed upon the ground of the invalidity of such title, without any suggestion being made that such an issue could not be

tried in an action, such as that was, to foreclose a mortgage.    See, also, *Middletown Sav. Bank* v. *Bacharach*, 46 Conn. 513.

The further question is here presented whether the judgment creditor of the mortgagor, having by his judgment a lien upon the property junior to the mortgage, could, by purchasing at tax sale, acquire, as against the mortgagee, a title divesting the lien of the mortgage; or whether such a purchase will be treated, in equity, in favor of the mortgagee, as a payment of the tax, and the acquisition of an additional lien.    One of the members of the court, Mr. Justice Berry, was disqualified, by relation to one of the parties, from sitting in the case. The remaining four members of the court stand equally divided upon this question.    This necessarily results in an affirmance of the decision of the court below upon this point, and for the purpose of this case; but since, under these circumstances, there is no final decision by this court of the principle involved, we forbear from any discussion of the subject in this opinion.

Some points were first made by the appellant in a brief presented in reply to the respondents' brief, which, as was announced at the time of the argument, we do not consider.

Judgment affirmed.