J. N. BROWN, LEORA J. BROWN AND J. L. BROWN, HER HUSBAND, *Appellants*, v. THE ATLANTA NATIONAL BUILDING & LOAN ASSOCIATION, *Appellee*.

1. The holder of a tax deed to mortgaged premises claiming title adverse and paramount to both mortgagor and mortgagee is not ordinarily a proper party defendant to a suit to foreclose the mortgage.

2. A tenant of mortgaged premises who is under no obligation to pay taxes thereon may lawfully acquire a tax title to the premises, and therefore can not upon the ground that he is by reason of his tenancy estopped from asserting such title, be made a party defendant to a suit for foreclosure of the mortgage.

3. One who acquires a tax certificate to land, and thereafter becomes a tenant of the owner thereof, but who assumes no obligation to pay taxes on the land, and notifies the owner of his tax claim and of his intention of procuring a deed to the land if it is not redeemed, is not estopped by his tenancy from procuring such deed.

This case was decided by Division B.

Appeal from Circuit Court for Sumter county.

## Statement.

The appellee, complainant below, filed a bill for foreclosure of mortgage, making as parties defendant thereto the administrator, widow and heirs of the mortgagor, and

the appellants. The bill alleged default on the part .of the
mortgagor, and that thereafter and prior to his death the
complainant accepted from him the mortgaged premises in
satisfaction of the mortgage debt, and had ever since
claimed and exercised the rights of ownership and posses-
sion of the premises and paid taxes thereon, though no
deed to the property had been executed to it; that from
February, 1896, continuously until the thirty-first day of
December, 1897, the defendant J. N. Brown was for a val-
uable consideration a tenant of complainant on the premises,
leasing and enjoying the use, occupation and yield thereof,
in turn agreeing to fence and keep in repair the premises
and to pay the complainant rent, the terms of which tenancy
said Brown fully executed; that in December, 1897, Brown
obtained a tax deed to the premises upon a certificate ob-
tained by him by purchase at a tax sale on November 6th,
1895, for the pretended assessed taxes for the year 1894,
under which deed Brown and his grantee, if any, claimed
title paramount and adverse to that of complainant; that
complainant was informed that in December, 1897, said J.
N. Brown had executed a quitclaim deed to his stepmother
Leora J. Brown. The bill then alleges certain defects in the
tax sale upon which the deed was based, and after bringing
foreclosure of the mortgage against the representatives and
heirs of the mortgagor, asks that the tax title asserted by
the Browns be cancelled as a cloud upon complainant's
title. No defense was interposed by the representatives of
the mortgagor, and decree *pro confesso* was entered against
them. Separate demurrers interposed to the bill by J. N.
Brown and Leora J. Brown upon the ground of want of
equity, multifariousness and the existence of a remedy at
law were overruled and separate answers were filed by them.
That of J. N. Brown alleged his purchase of tax certifi-
cate on November 6th, 1895, for the taxes of 1894, and the
procurement of tax deed thereunder on December .7th, 1897;
that on May 19th, 1898, he was and for some months be-
fore had been continuously seized and possessed of said

lands as of fee and in the actual occupation and possession thereof, and on that date executed a deed thereto, for $50 *bona fide* paid, to Leora J. Brown and her heirs, who thereupon entered upon the lands and was still seized and possessed of them; that said defendant J. N. Brown disclaimed all interest in the premises since the execution of said deed to L. J. Brown. The defendant admitted the renting of the premises by him from complainant as alleged in the bill, but said that his tenancy terminated on December 31st, 1897, and that long before it began he notified complainant by letter duly acknowledged that he had purchased the lands at said tax sale and unless they were redeemed would demand a tax deed therefor. He denied the execution of any conveyance thereof by him except that of May, 1898, and asked the same benefit from the answer as if he had demurred to the bill. The same facts are alleged with great detail in the answer of Leora J. Brown and her husband. The cause was set down for hearing upon bill and answers and the decrees *pro confesso* previously entered against the other defendants, and a final decree rendered in favor of the complainant, decreeing foreclosure and sale under the mortgage, that the possession of the mortgaged premises be surrendered to the purchaser at such foreclosure sale and that the deeds to J. N. Brown and to Leora J. Brown respectively be cancelled as a cloud upon the complainant's title. From this decree the defendants J. N. Brown and Leora J. Brown and her husband appeal.

*J. B. Gaines* for appellants.

*Wm. F. Himes* for appellee.

Maxwell, J. (*after stating the facts*).—The question presented by this record is that of the right of a complainant in filing a bill for foreclosure of mortgage, to join as a party defendant thereto one holding adversely to both mortgagor and mortgagee under a claim of paramount title.

The advantage of such a course to the complainant, if permissible, is obvious, as it enables him in one litigation to remove all obstacles to the enforcement of his debt, and to expose the mortgaged property for sale freed from the cloud of an adverse claim of title. To the adverse claimant the practice is objectionable as entangling him in a contest between mortgagor and mortgagee with which he has no concern, and as depriving him when in adverse possession of the premises as is claimed here, of his right of trial at law and by jury.

The general rule undoubtedly is that the proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interests of the mortgagor and those claiming under him, and the great weight of authority sustains the view that without special features of equitable nature to authorize such action, one claiming adversely to both mortgagor and mortgagee by paramount title can not be joined as a defendant to the suit. "A court of equity is not an appropriate tribunal, nor is a foreclosure suit a suitable proceeding, for the trial of claims to the legal title which are hostile and paramount to the interests and rights and titles of both mortgagor and mortgagee." *Summers v. Bromley,* 28 Mich. 125; *Dial v. Reynolds,* 96 U. S. 340; *Banning v. Bradford,* 21 Minn. 308; 68 Amer. St. Rep. 354, note, where the subject is exhaustively discussed and authorities collected; 9 Ency. Pl. & Pr., 353.

Courts have, it is true, been more liberal in relaxing this rule where the adverse claim rested upon a tax title than in other cases, and some courts of high authority permit the joinder as defendant in a foreclosure suit of one claiming under a tax sale subsequent to the mortgage. *Randle, Adm'r. v. Boyd,* 73 Ala. 282; *Lyon v. Powell,* 78 Ala. 351; *Wilson v. Jamison,* 36 Minn. 59, 29 N. W. Rep. 887. And where the tax assessment and sale, as in some States, is only of the equity of redemption, the purchaser at such sale is of course a proper party defendant. But where, as with us, the tax title is one in fee, extinguishing all prior interests,

liens and incumbrances the better rule is that it is subject to the general principle that the validity of claims of paramount title can not properly be litigated in foreclosure suits. *Odell v. Wilson,* 63 Cal. 159 ; *Roberts v. Wood,* 38 Wis. 60 ; *Gage v. Perry,* 93 Ill. 176 ; *Bozarth v. Landers,* 113 Ill. 181 ; *Straka v. Lander,* 60 Wis. 115, 18 N. W. Rep. 641 ; *Williams v. Cooper,* 124 Cal. 666, 57 Pac. Rep. 577 ; *Oliphant v. Burns,* 146 N. Y. 218, 40 N. E. Rep. 980 ; *Cromwell v. MacLean,* 123 N. Y. 474, 25 N. E. Rep. 932.

In the case of *McKeown v. Collins,* 38 Fla. 276, 21 South. Rep. 103, the holder of a tax title to the mortgaged premises was made a party to the bill for foreclosure for the purpose of having his tax title annulled, but he held also a sheriff's deed to a part of the premises based on a judgment against the mortgagor obtained subsequent to the execution of the mortgage, and he was for that reason a proper party defendant to the suit. He raised no objection to the litigation of this tax title in the same cause, and the decree rendered therein was of course valid and binding. *Hefner v. Northwestern Mut. Life Ins. Co.,* 123 U. S. 747, 8 Sup. Ct. Rep. 337. But the case is of no authority as to the correctness of such joinder of actions.

Exceptions to the general rule exist where a charge is made of fraud or collusion between the mortgagor and the purchaser at tax sale, or where the purchaser is charged to have occupied a relation to the mortgagee which estops him from claiming adversely under the tax title. Both the rule and the exceptions have been recognized by this court. *Gorton v. Paine,* 18 Fla. 117 ; *Brown v. Marzyck,* 19 Fla. 840. See, also, *Mendenhall v. Hall,* 134 U. S. 559, 10 Sup. Ct. Rep. 616.

Under the latter of these exceptions the appellee endeavors to bring this case, contending that at the time of his acquisition of the tax deed to the mortgaged premises the defendant J. N. Brown was the tenant of complainant and as such estopped from acquiring a tax title adverse to it, within the rule announced by this court in *Gorton v. Paine,*

*supra,* and *Petty v. Mays,* 19 Fla. 652. The principle of those cases, however, applies only where duty or good faith on the part of the purchaser demands that his purchase be treated as a mere payment of the taxes on the land, rather than as the acquisition of an adverse title thereto. But not every tenant is charged with the duty of paying taxes on the leased premises, or is estopped from acquiring an adverse tax title thereto. 2 Blackwell on Tax Titles, *400; Black on Tax Titles, sec. 288; *Blakeley v. Bestor,* 13 Ill. 708; *Bettison v. Budd,* 17 Ark. 546; *Waggener v. McLaughlin,* 33 Ark. 195. In this lease as set out in the pleadings we find nothing to remove the case from the principle of these decisions. But beyond that, Brown had acquired his tax certificate to the premises before he became the tenant of complainant, and had notified it of his purchase, and of his intention to secure a deed if the land was not redeemed. This purchase had vested in him, if the sale was valid, contract rights which even the State by legislation could not take from him (*Hull v. State,* 29 Fla. 79, 11 South. Rep. 97), and at a time when he was undoubtedly free to acquire such right. Nothing in his subsequent tenancy necessitated a surrender of this already existing right.

There is no suggestion in the pleadings that Brown unlawfully held·over after the expiration of his tenancy and refused to surrender the premises. The allegation of the bill is that he fully executed the terms of the tenancy, and the answer alleges that he had been in adverse possession under the tax deed for some months prior to his conveyance of the lands to Leora J. Brown in May, 1898. It does not appear, therefore, that he or his grantee are as tenants holding over estopped from claiming adversely to the complainant.

The decree of the court below, in so far as it decrees relief against the appellants, will be reversed with directions that the bill as to them be dismissed, without prejudice to such further action at law or in equity as the complainant may elect to institute against them.

CARTER, P. J. and COCKRELL, J., concur.

TAYLOR, C. J., and SHACKLEFORD, J., concur in the opinion.

HOCKER, J., being disqualified, took no part in its consideration.