(44 Misc. Rep. 312.)

CONDIT v. GOODWIN et al.

(Supreme Court, Special Term, New York County. July, 1904.)

1. FIXTURES—MORTGAGOR AND MORTGAGEE.

    Where gas fixtures are placed on mortgaged real estate at the request of the mortgagor, the mortgagee in an action to foreclose acquires no lien thereon, and no right, title, or interest therein.

2. SAME—HEATING PLANT—CONDITIONAL SALE.

    Where the mortgagor places a steam-heating plant and a hot-water plant in the mortgaged premises under a written agreement with the vendor, filed with the register of the city of New York, providing that the materials furnished should remain the property of the vendor until full payment, the plants remain personalty on which the mortgagee has no lien.

¶ 1. See Fixtures, vol. 23, Cent. Dig. §§ 36, 42.

3. MORTGAGE FORECLOSURE—PARTIES.

In an action to foreclose a mortgage, conditional vendees of personalty situated thereon, claiming absolute ownership thereof, are not proper parties to foreclosure proceedings.

Action by William L. Condit against Thomas S. Goodwin and others to foreclose a mortgage. Complaint dismissed as to certain defendants.

James, Schell & Elkus, for plaintiff.

Abrams & Lasky, for defendants.

GILDERSLEEVE, J. This is an action to foreclose a first mortgage executed, in 1888 on real property for the nonpayment of the principal sum of the mortgage, as well as the failure of the mortgagors to pay the interest and taxes, and to sell the mortgaged property according to law, free from any prior liens thereon. The defendant the Reedy Elevator Company has answered, claiming title to an elevator and appurtenances alleged to have been installed in the building by it under a conditional bill of sale dated October 31, 1902, on which, as it further alleges, $1,000 of the purchase price are still unpaid. The defendant Kirk answers, setting up a lien for $1,435.95 for steam fittings under an alleged conditional bill of sale filed on December 2, 1902. The defendants Baldenger and Kupfurman answer, setting up a lien on gas fixtures amounting to $822.74, under an alleged conditional bill of sale dated February 20, 1903.

There is practically no dispute as to the facts of this case. The main question of law raised by the facts, aside from the claim that the answering defendants are not necessary or proper parties to this action, is this: Do machinery, materials, and appurtenances supplied under the aforesaid contracts retain the character of chattels, or have they become fixtures, and a part of the realty covered by the mortgage, that must be sold under the decree herein? The gas fixtures are personalty, and not realty, and the plaintiff, by virtue of his mortgage, has acquired no lien thereon, and no title or interest therein. Had there been no conditional sale of these gas fixtures, they are not of such character and so annexed to the realty as to merge in the freehold. They are not of a permanent nature, and essential to the use for which the realty is appropriated. The defendant the Reedy Elevator Company completed the installation of an elevator in the premises in question on March 31, 1903. The contract provides that the title and possession of the elevator shall remain in the Reedy Elevator Company until the final payment shall have been made. The terms of payment are as follows: Four hundred dollars in cash when the steel girders and overhead beams are in place; $1,000 in cash when the electric engine is on foundation and car in place in hatchway; $1,000 in a promissory note payable 90 days after the completion of the contract. One thousand four hundred dollars have been paid, but the $1,000 note given in accordance with the terms of the contract as the third and last payment has not been paid. I am of the opinion that this elevator and its appurtenances must be regarded as fixtures, or as annexations to the realty. As to this defendant, the question of the validity of the agreement between it and the owners of the premises, by which it was sought to impress upon these fixtures the character of chattels and establish a lien superi-

or to the lien of the mortgage under foreclosure, does not arise, for the reason that the evidence shows that the contract between the owners and this defendant has been fully carried out and performed, and that the title to the elevator and its appurtenances passed to the owners of the equity of redemption of the premises, and became subject to all mortgages thereon. The defendant Kirk installed in the building the steam-heating apparatus and the hot-water generating plant. The contract was entered into on November 17, 1902, and contained a clause providing that all materials placed in the building should remain the property of the defendant Kirk until the same had been fully paid for in cash. Kirk has not been paid in cash, and there is now due and owing to him the sum of $1,434.95, with interest from April 1, 1903. It is his claim that he is not a necessary or a proper party to the action; that the apparatus installed by him are chattels, of which he is the owner and entitled to the possession, or the balance unpaid on account thereof. The contract was duly filed in the office of the register, and it is the claim of said Kirk that by force of the statute applicable hereto and of the undisputed facts herein the said apparatus are chattels belonging to him. I think the Kirk contract was a valid agreement between him and the owners of the premises, and that by reason thereof, although the mortgagee was not a party to the contract under the facts herein appearing, the property supplied by Kirk, of the character above mentioned, has retained its character as personal property. Duntz v. Granger Brew. Co., 41 Misc. Rep. 177, 83 N. Y. Supp. 957; Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537; Sisson v. Hibbard, 75 N. Y. 542; Kerby v. Clapp, 15 App. Div. 37, 44 N. Y. Supp. 1121; New York Investment Co. v. Cosgrove, 47 App. Div. 35, 62 N. Y. Supp. 372. As to all of the defendants above mentioned, although I have briefly discussed their claims, I am of the opinion that they are not necessary or proper parties to the action. At the most, their claims are collateral, and interest the plaintiff indirectly. Their answers set up no defense to the action brought by the plaintiff. They assert a priority over the plaintiff's mortgage. Whatever the merits of the claims of these may be, it cannot be said that, under the circumstances of this case, they can be paid the balance due them, respectively, out of the proceeds of the sale of the realty. These defendants urge that, by virtue of the terms of the conditional agreements under which they placed in the premises the various kinds of property they still are the owners of the same, and hold the title thereto. They object to the sale of the particular property they claim for the reason that it never has attained the character of realty, and that the plaintiff, as mortgagee, under his mortgage, never acquired any interest therein. The ownership of personal property and claims to priority over the plaintiff's mortgage cannot be properly determined in a foreclosure action. Defendorf v. Defendorf, 42 App. Div. 166, 59 N. Y. Supp. 163. These questions belong to actions respecting personal property, and the law provides ample provision therefor. The alleged rights of these defendants, as by them asserted, are not subject to the mortgage, but superior thereto, and prior to all other liens. They are not necessary or proper parties to the foreclosure, and as to all of them the complaint must be dismissed. Corning. v. Smith, 6 N. Y. 82; Lewis v. Smith, 9 N. Y. 513, 61 Am.

Dec. 706; Industrial Bank v. Goldman, 75 N. Y. 127; Gardner v. Lansing, 28 Hun, 413. The three defendants above named may each have a bill of costs, to be taxed by the clerk and paid by the plaintiff. The plaintiff may have taxable costs and an additional allowance of $2,000.

Ordered accordingly.