CALVIN DRAWDY and HENRY E. HUNTER, v. THE LAKE JOSEPHINE COMPANY, a corporation.

1 So. (2nd) 631                    En Banc
May 6, 1941

Wallace Sample, for appellants.

Treadwell & Treadwell, and John Treadwell, Jr., for appellee.

CHAPMAN, J.:

On January 8, 1940, The Lake Josephine Company filed in the Circuit Court of Okeechobee County, Florida, its bill to foreclose mortgages embracing a large acreage situated in Okeechobee County. The notes and mortgage were dated February 3, 1925, and were signed by W. R. Gary and wife Margarett Lee Gary and the mortgagee was the Okeechobee Farms, Inc. On January 5, 1929, the mortgage and notes were assigned to the plaintiff The Lake Josephine Company and the assignment was recorded October 13, 1936.

On March 5, 1925, George G. Shannon gave to the Okeechobee Farms, Inc., notes and mortgage on certain described lands situated in Okeechobee County, and on the 5th day of January, 1929, the notes and

mortgage were assigned to the plaintiff The Lake Josephine Company and the assignment was recorded October 13, 1936. Some of the mortgaged land was by appropriate instruments discharged from the operation of the said mortgage.

The bill of complaint makes numerous parties defendants and by appropriate allegations emphasizes the fact that the lands described have but little value other than for grazing purposes for cattle. The prayer of the bill seeks to foreclose the right of equity of redemption of all parties defendant in and to the mortgaged premises. Attached to the bill of complaint as exhibits are the several notes and mortgages and assignments of mortgages, and other material instruments, and the same are properly identified by numbers from 1 to 29, inclusive.

On February 19, 1940, Calvin Drawdy, an appellant here, filed an answer to the bill of complaint and motion to dismiss the same as to him, and the material portions thereof are viz:

"Now comes Calvin Drawdy, by his undersigned solicitors, and for answer to the bill of complaint filed herein says:

"1. In answer to the allegations of fact set forth in paragraphs numbered 1 to 50, both inclusive, this defendant says that he is not advised and neither admits nor denies the same, but demands strict proof thereof.

"2. Further answering the bill of complaint filed herein, this defendant says that he claims title to the lands described as follows:

"All of Section 36, Township 37 South, Range 34 East; and W½ of W½ of Section 25, Township 37 South, Range 34 East, and the E½ of Section 26,

Township 37 South Range 34 East, and other portions of the land described in said bill of complaint.—by adverse possession without color of title, and that this defendant has been in open, notorious and adverse possession of all said lands by having it substantially enclosed for more than ten years immediately prior to the filing of the bill of complaint herein; that this defendant has been in possession of said lands as above alleged continuously for said period of time; that this defendant claims title to all of the above described lands adversely to all parties set forth in said bill of complaint. That the title of this defendant is paramount and adverse to all of said parties.

"Wherefore, this Honorable Court is moved to dismiss this defendant, Calvin Drawdy, from said cause upon the following grounds to-wit:

"1. There is no privity between this defendant and the complainant in said cause.

"2. That this defendant claims title adversely and paramount to all other parties in said cause.

"3. That the title of this defendant to said lands above described is not connected with the title of the complainant herein, or any of the other parties defendant."

On February 19, 1940, Henry E. Hunter, an appellant here, filed an answer to the bill of complaint and motion to dismiss the same as to him, and the material portions thereof are viz:

"1. In answer to the allegations of fact set forth in paragraphs number 1 to 50, both inclusive, this defendant says that he is not advised and neither admits nor denies the same, but demands strict proof thereof.

"Further answering the bill of complaint filed herein, this defendant says that he claims title to the lands described as follows:

"All of Section 19 and all of Section 30, lying east of the Kissimmee River in Township 37 South, Range 34 East,—by adverse possession without color of title, and that this defendant has been in open, notorious and adverse possession of all of said lands by having it substantially enclosed for more than seven years immediately prior to the filing of the bill of complaint herein; that this defendant has been in possession of said lands as above alleged continuously for said period of time; that this defendant claims title to all of the above described lands adversely to all parties set forth in said bill of complaint. That the title of this defendant is paramount and adverse to all of said parties.

"Wherefore, this Honorable Court is moved to dismiss this defendant Henry E. Hunter, styled in said bill of complaint as Harry E. Hunter, from said cause upon the following grounds, to-wit:

"1. There is no privity between this defendant and the complainant in said cause.

"2. That this defendant claims title adversely and paramount to all other parties in said cause.

"3. That the title of this defendant to said lands above described is not connected with the title of the complainant herein, or any of the other parties defendant."

On March 5, 1940, The Lake Josephine Company filed separate motions to strike the answers respectively of Calvin Drawdy and Henry E. Hunter, and the grounds thereof are viz:

"1. Twenty years adverse possession is the period of possession required to defeat the claims of a holder of a mortgage.

"2. Because the adverse possession claimed to have been held by the defendant, Calvin Drawdy, is not sufficient to defeat the claims of plaintiff herein."

On April 18, 1940, after a hearing, the lower court entered an order granting the motion to strike paragraph two of the answers of Calvin Drawdy and Henry E. Hunter. The portion of the answer of Drawdy as stricken by the court's order is to the effect that for a period of ten years immediately prior to January 8, 1940, the said Calvin Drawdy had been in the open, notorious and adverse possession, without color of title, of the land described therein and having the same enclosed by a substantial enclosure and that his title was *adverse* to all parties to the foreclosure suit and his said title was paramount to that of all of the said parties. The allegations of the answer of Harry E. Hunter as stricken by the court's order are about the same as the allegations of the stricken portions of the answer of Calvin Drawdy, except as to the description of the land and for the period of time as to the adverse possession.

On August 24, 1940, the appellants here, by petition for writ of certiorari filed in this Court under the provisions of Rule 34, sought to quash the order of the lower court dated April 18, 1940, striking the aforesaid portions of the answers of the appellants here which denied them the right to litigate their right, title and interest in and to the lands described in each of the said answers, but the petition was by an order of this Court denied. It is here contended by counsel for the appellees that the order of denial of

the petition for a writ of certiorari forever settled the law as to the right, title, claims and interest of Drawdy and Hunter in and to the lands, respectively described in said answers. The case of Coe v. Finlayson, 41 Fla. 169, 26 So. 704, is cited and emphasized.

The case of Coy v. Downie, 14 Fla. 544, was a foreclosure suit in which many parties were made defendants and among them Edward N. Dickenson and A. H. Cole. Cole answered the bill to foreclose and stated that he was the owner of a part of the mortgaged land and had an agreement to sell the same to the plaintiff and would execute the deed according to the agreement when payment by plaintiff to him was made. The answer of Dickenson was to the effect that he claimed an interest in a portion of the mortgaged lands, hostile to the plaintiff. This Court held that Cole and Dickenson were not necessary and proper parties to the said foreclosure because their interest in and to the mortgaged premises was not only antagonistic but their interest appeared to be superior to that of the plaintiff in and to the described portions of the mortgaged premises.

The rule enunciated in Coy v. Downie *supra*, to the effect that parties having an antagonistic or superior property interest to the mortgage, are not, generally necessary or proper parties to a foreclosure, was again recognized by this Court in the case of Jones v. The Florida Lakeland Homes Co., 95 Fla. 964, 117 So. 228. The facts therein are viz: The Florida Lakeland Homes Company owned a tract of land situated in Polk County and made a contract to sell said lands to one Gatlin. Gatlin used the name of Thomas to carry out the trade as expressed in the contract. Thomas interested Rosslyn Jones in the

land and in the name of Thomas-Moores Company made or entered into a contract to sell the lands to Jones, but Jones failed to record his contract. Subsequently the Florida Lakeland Homes Company conveyed the lands to Gatlin, who in turn gave a purchase money mortgage. There was a default in the payment according to the covenants of the mortgage and the Florida Lakeland Homes Company filed foreclosure proceedings and made Jones a party defendant. Jones contended that he had a paramount interest in and to the mortgaged premises superior to the title from the Florida Lakeland Homes Company to Gatlin and superior to the title to the lands described in the mortgage from Gatlin to Florida Lakeland Homes Company. This Court, speaking through Honorable C. E. Chillingworth, Circuit Judge, in recognizing the rule in Coy v. Downie *supra,* in part said:

"The appellant Jones contends that persons having interests in the property paramount to the mortgage sought to be foreclosed are generally neither necessary nor proper parties to the foreclosure suit, because the only proper object of the proceedings is to bar all rights subsequent to the mortgage. This rule is well established. Jones on Mortgages, 8th Edition, Col. 3, page 299, 19 R. C. L. 529; Coy v. Downie, 14 Fla. 544."

In the case of Brown v. Atlantic Natl. Bldg. & Loan Ass'n., 46 Fla. 492, 35 So. 403, suit was brought to foreclose a mortgage and made a party defendant thereto Brown, who had obtained a tax deed to the mortgaged premises, and he interposed the defense to the foreclosure suit that his title under the tax deed was not only adverse but paramount to the title of the mortgagor and mortgagee. On final hearing

the lower court decreed foreclosure and cancelled the tax deed of J. N. Brown as a cloud upon the mortgaged premises, but the Supreme Court of Florida on appeal reversed said decree and in part said:

"The general rule undoubtedly is that the proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interests of the mortgagor and those claiming under him, and the great weight of authority sustains the view that without special features of equitable nature to authorize such action, one claiming adversely to both mortgagor and mortgagee by paramount title can not be joined as a defendant to the suit. 'A court of equity is not an appropriate tribunal, nor is a foreclosure suit a suitable proceeding, for the trial of claims to the legal title which are hostile and paramount to the interests and rights and titles of both mortgagor and mortgagee.' Summers v. Bromley, 28 Mich. 125; Dial v. Reynolds, 96 U. S. 340; Banning v. Bradford, 21 Minn. 308; 68 Am. St. Rep. 354, note, where the subject is exhaustively discussed and authorities collected; 9 Ency. Pl. & Pr., 353.

"Courts have, it is true, been more liberal in relaxing this rule where the adverse claim rests upon a tax title than in other cases, and some courts of high authority permit the joinder as defendant in a foreclosure suit of one claiming under a tax sale subsequent to the mortgage. Randel, Adm'r., v. Boyd, 73 Ala. 282; Lyon v. Powell, 78 Ala. 351; Wilson v. Jamison, 36 Minn. 59, 29 N. W. Rep. 887. And where a tax assessment and sale, as in some states, is only of the equity of redemption, the purchaser at such sale is of course a proper party defendant. But where, as with us, the tax title is one in fee, extin-

guishing all prior interests, liens and incumbrances the better rule is that it is subject to the general principle that the validity of claims of paramount title can not properly be litigated in foreclosure suits. . . ."

The case of Hecht v. Wilson, 107 Fla. 421, 144 So. 886, 145 So. 250, was a suit to foreclose a mortgage wherein a holder of a tax deed was made a party defendant, and on petition for a rehearing here it was held that in the course of orderly procedure, *the dismissal* of a defendant claiming under a paramount tax title or tax lien in a foreclosure suit, should not be made by the chancellor until the claim is made to appear *prima facie* by an offer in evidence of the tax deed or tax certificate tendered in support of the answer of the party holding thereunder. See Williams v. Robineau, 124 Fla. 422, 168 So. 644.

On September 16, 1940, the lower court entered its final decree of foreclosure in the case at bar, in which it was decreed that all persons claiming an interest under or through the defendants (inclusive of Calvin Drawdy and Henry E. Hunter), or any of them, since the institution of the foreclosure suit, "be and they are hereby forever barred and forclosed of any and all right of equity of redemption in and to the mortgaged premises. Paragraph 9 of the decree is viz:

"9. That the claims, legal or equitable, of all of the defendants, claiming by, through, under or against the borrowers mentioned in the bill of complaint filed in this cause, are hereby decreed to be inferior in dignity, subsequent and junior in priority to the lien of the plaintiff's mortgages hereby foreclosed."

On appeal perfected therefrom to this Court by Calvin Drawdy and Henry E. Hunter, it is here con-

tended that the aforesaid decree has deprived them of their property rights acquired in and to the mortgaged premises and fully described in their respective answers.

The mortgages here involved were given and recorded during the year 1925 and the adverse possession relied upon and stated in the stricken answers as a paramount title to defeat the foreclosure proceedings on their face show that the appellants went into possession of the respective tracts subsequent to the execution, delivery and recordation of the mortgages now being foreclosed, and the law assumes that the said possession here asserted as a defense was had and enjoyed with constructive knowledge of the recorded mortgages then appearing in the office of the Clerk of the Circuit Court of Okeechobee County, Florida. The stricken pleadings assigned as error do not allege possession at the time of the execution, delivery and recordation of the mortgages, and we are forced to conclude that there was no error in the record and accordingly the decree appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, and THOMAS, JJ., concur.