**A. R. MORE, by and through his agent, John G. Barrow, Plaintiff,**

v.

**UNITED STATES of America, acting through the Farmers Home Administration and Jerry and Gladys Starke, his wife, Defendant and Third–Party Plaintiff,**

v.

**DEPARTMENT OF REVENUE, STATE OF FLORIDA et al., Third–Party Defendants.**

No. TCA 78–1046.

United States District Court,
N. D. Florida,
Tallahassee Division.

Oct. 20, 1980.

W. K. Lally, Jacksonville, Fla., for plaintiff.

J. Worth Owen, Asst. U. S. Atty., Tallahassee, Fla., for defendant and third–party plaintiff.

Joseph C. Mellichamp, Dept. of Legal Affairs, Tallahassee, Fla., for Dept. of Revenue.

1. The land is:
Lot one (1), Block "B" of Pine Crest Subdivision according to a Plat recorded in Plat

Alexander L. Hinson, Quincy, Fla., for Property Appraiser and Tax Collector of Gadsden County.

## SUMMARY JUDGMENT

HIGBY, District Judge.

The essential facts of this lawsuit are undisputed. Summary judgment is appropriate. Fed.R.Civ.Pro. 56. A. R. More and the United States of America both claim ownership of a piece of land in Gadsden County, Florida.[1] The United States claims through a United States Marshal's Deed issued July 22, 1978, as the culmination of a mortgage foreclosure action by the Farmers Home Administration against Jerry P. Starke and Gladys Starke. More claims through a tax deed issued May 17, 1978, by the Clerk of the Circuit Court of Gadsden County. The deed is founded upon a tax certificate issued May 30, 1974. More was not a named defendant in the foreclosure action. The Third–Party Defendants have neither claimed an interest in the property nor sought any relief. They only support Plaintiff's position. The Starkes have not answered the complaint. Consequently this summary judgment resolves all parties' interests in this lawsuit.

Both Parties intransigently and without citing authority claim their documents entitle them to absolute ownership of the property. More argues the tax certificate vested ownership of the property in him and voided all other liens. The United States, for some reason, argues the tax deed is invalid as an attempt to tax United States property. The tax certificate was for 1973 taxes. In 1973 the Government was a lienholder of the property, not the owner. More was also a lienholder, not the property owner.

 A Florida tax certificate does not vest ownership of property in its holder. It

Book 1 of the Official Records of Gadsden County on January 26, 1971.

creates a lien and nothing more.[2] § 197.056, Fla.Stat. (1977): *See, First Trust & Savings Bank v. West Lake Inv. Co.,* 105 Fla. 590, 141 So. 894 (1932); *Ridgeway v. Reese,* 100 Fla. 1304, 131 So. 136 (1930). The lien created by More's tax certificate was junior to the lien created by the FHA mortgage and consequently could not give the holder superior rights.[3]

■ The Supreme Court has adopted state law for determining the priority of liens created by federal loan and guaranty programs. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). Under Florida law the lien evidenced by a tax certificate is "a first lien, superior to all other liens, on any property against which the taxes have been assessed . . . ." § 197.056(1), Fla.Stat. (1977). The application of state law to federal liens stop when "application of state laws would impair federal operations . . . ." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 738, 99 S.Ct. 1448, 1463, 59 L.Ed.2d 711, 730 (1979). And the adoption of state law is limited to "nondiscriminatory state laws." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 740, 99 S.Ct. 1448, 1465, 59 L.Ed.2d 711, 731 (1979). More's lien is enforceable, but it cannot operate "so as to destroy the pre-existing federal lien." *United States v. Roessling,* 280 F.2d 933, 936 (5th Cir. 1960). All this suit amounts to is a dispute between a senior lienor who foreclosed and a junior lienor who was not sued in the foreclosure suit. State law will determine the relative rights.

Under Florida law the only recourse a junior lienor has in a situation such as this is to exercise its right of redemption. *See, Drawdy v. Lake Josephine Co.,* 149 Fla. 756, 1 So.2d 631 (1941); *Quinn Plumbing Co., Inc., v. New Miami Shores Corp.,* 100 Fla. 413, 129 So. 690 (1930). Conversely, the only right the foreclosing mortgagor has is to require the junior lienor to exercise its right of redemption or have th‹ right forever barred. *Id.* The amount required to redeem the property is only the amount of the senior mortgage.

Therefore, it is ORDERED that Plaintiff shall exercise his right of redemption within thirty (30) days from the date of this order by tendering $15,409.46 to the United States or be forever barred from claim upon this property. The United States shall deed the property over to More upon proper tender. If Plaintiff fails to exercise his right of redemption as provided in this order, he is forever barred from making further claims against this property under Tax Certificate No. 304 and the tax deed issued May 17, 1978. All other relief requested by any party is denied.

And being a part of the North West Quarter of the North East Quarter of Section 26, Township 2 North, Range 5 West.

**2.** Rights of a tax certificate holder are determined by the law at the time he acquired the certificate. *Baldwin Drainage District v. Macclenny Turpentine Co.,* 154 Fla. 525, 18 So.2d 792 (1944), *cert. den.* 323 U.S. 798, 65 S.Ct. 554, 89 L.Ed. 637 (1945).

**3.** I have taken judicial notice of the record in the foreclosure action against the Starkes, TCA No. 74–29.