Jay SIMS, by and through his agent,
John G. Barrow, Plaintiff,

v.

Willie E. SMITH and Mary Lee Smith, his wife, and United States of America, acting through the Farmers Home Administration, Defendant and Third–Party Plaintiff,

v.

PROPERTY APPRAISER, Tax Collector, and Clerk of the Circuit Court, Gadsden County, Florida, and Department of Revenue, State of Florida, Third–Party Defendants.

No. TCA 78–1057.

United States District Court,
N. D. Florida,
Tallahassee Division.

Dec. 10, 1980.

W. K. Lally, Jacksonville, Fla., for plaintiff.

J. Worth Owen, Tallahassee, Fla., for the U.S.

Alexander L. Hinson, Quincy, Fla., for Tax Collector, Property Appraiser.

Joseph C. Mellichamp, III, Dept. of Legal Affairs, Tallahassee, Fla., for Dept. of Revenue.

Jack A. Harnett, Quincy, Fla., for Clerk of Circuit Court.

## SUMMARY JUDGMENT

HIGBY, District Judge.

The essential facts of this lawsuit are undisputed. Summary judgment is appropriate. Fed.R.Civ.Pro. 56. Jay Sims and the United States of America both claim ownership of a piece of land in Gadsden County, Florida.[1] The United States claims through a United States Marshal's Deed issued October 11, 1974, as the culmination of a mortgage foreclosure action by the Farmers Home Administration against Willie E. Smith and Mary Lee Smith. The lien foreclosed was created December 14, 1971. Sims claims through a tax deed issued May 17, 1978, by the Clerk of the Circuit Court of Gadsden County. The deed is founded upon a tax certificate issued May 30, 1974. Sims was not a named defendant in the foreclosure action. The Third–Party Defendants have neither claimed an interest in the property nor sought any relief. They only support Plaintiff's position. The Smiths have not answered the complaint. Consequently this summary judgment resolves all parties' interests in this lawsuit. The Third–Party Defendants do not have any interest in the property.

Sims argues the tax certificate vested ownership of the property in him and voided all other liens. In 1973 the Government was a lienholder of the property. Sims was also a lienholder, not the property owner.

A Florida tax certificate does not vest ownership of property in its holder. It creates a lien and nothing more.[2] § 197.056, Fla.Stat. (1977). *See, First Trust & Savings Bank v. West Lake Inv. Co.*, 105 Fla. 590, 141 So. 894 (1932); *Ridgeway v. Reese*, 100 Fla. 1304, 131 So. 136 (1930). The lien created by Sims' tax certificate was junior to the lien created by the FHA mortgage and consequently could not give the holder superior rights.[3]

The Supreme Court has adopted state law for determining the priority of liens created by federal loan and guaranty programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). Under Florida law the lien evidenced by a tax certificate is "a first lien, superior to all other liens, on any property against which the taxes have been assessed . . . ." § 197.056(1), Fla.Stat. (1977). The application of state law to federal liens stops when "application of state laws would impair federal operations . . . ." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715,

---

1. The land is:
   Lot 12, Block B, of Hinson Heights according to map or plat thereof filed January 26, 1971 in the office of the Clerk of the Circuit Court of Gadsden County, Florida.

2. Rights of a tax certificate holder are determined by the law at the time he acquired the certificate. *Baldwin Drainage District v. Mac-*

*clenny Turpentine Co.*, 154 Fla. 525, 18 So.2d 794 (1944), *cert. den.*, 323 U.S. 798, 65 S.Ct. 554, 89 L.Ed. 637 (1945).

3. I have taken judicial notice of the record in the foreclosure action against the Smiths, TCA No. 74–43.

738, 99 S.Ct. 1448, 1464, 59 L.Ed.2d 711, 730 (1979). And the adoption of state law is limited to "nondiscriminatory state laws." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 740, 99 S.Ct. 1448, 1465, 59 L.Ed.2d 711, 731 (1979). Sims' lien is enforceable, but it cannot operate "so as to destroy the pre–existing federal lien." *United States v. Roessling*, 280 F.2d 933, 936 (5th Cir. 1960). All this suit amounts to is a dispute between a senior lienor who foreclosed and a junior lienor who was not sued in the foreclosure suit. State law will determine the relative rights.

Under Florida law the only recourse a junior lienor has in a situation such as this is to exercise its right of redemption. *See, Drawdy v. Lake Josephine Co.*, 149 Fla. 756, 1 So.2d 631 (1941); *Quinn Plumbing Co., Inc. v. New Miami Shores Corp.*, 100 Fla. 413, 129 So. 690 (1930). Conversely, the only right the foreclosing mortgagor has is to require the junior lienor to exercise its right of redemption or have the right forever barred. *Id.* The amount required to redeem the property is only the amount of the senior mortgage.

Therefore, it is ORDERED that Plaintiff shall exercise his right of redemption within thirty (30) days from the date of this order by tendering $15,466.87 to the United States or be forever barred from claim upon this property. The United States shall deed the property over to Sims upon proper tender. If Plaintiff fails to exercise his right of redemption as provided in this order, he is forever barred from making further claims against this property under Tax Certificate No. 99 and the tax deed issued May 17, 1978. All other relief requested by any party is denied.