(47 Misc. Rep. 24.)

## MAYER v. MARGOLIES et al.

(Supreme Court, Special Term, Queens County. April 1905.)

**1. MORTGAGE—FORECLOSURE—ISSUES.**

Where, if any easement existed in mortgaged property, it arose under deeds executed long prior to the execution of the mortgage, the right of the alleged holder of the easement cannot be determined in an action to foreclose the mortgage.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 1277, 1278, 1392.]

**2. SAME—EASEMENT IN PROPERTY.**

On foreclosure of a mortgage the claim of a third party to an easement in the property cannot be determined, because such third person had brought an action to restrain an alleged violation of such easement after the execution of the mortgage.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 1277, 1278, 1392.]

Action by David Mayer against Hattie Margolies and others to foreclose a mortgage. Judgment for plaintiff as to all defendants except one Silberman, and complaint dismissed as to him.

Jay C. Guggenheimer, for plaintiff.

John J. Lenehan, for defendant Silberman.

BURR, J. It was conceded upon the trial that, if the defendant Samuel J. Silberman had any interest in the mortgaged premises, it was in nature of an easement in favor of other premises owned by him to which the mortgaged premises were servient. If any such easement exists, it arose under deeds executed long prior to the execution of the mortgage which is here sought to be foreclosed. That being so, whatever right such defendant has is prior and paramount to that of the plaintiff. Such a right cannot be determined in an action to foreclose a mortgage. Corning v. Smith, 6 N. Y. 82. It is quite possible that, if the defendant Silberman had not appeared in the action and had allowed the judgment to be entered against him by default, such judgment would not have barred and foreclosed him of such paramount right. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706; Frost v. Koon, 30 N. Y. 428; Merchants' Bank v. Thomson, 55 N. Y. 7. But he did not choose to do this. On the contrary, he not only denied the general allegation of the complaint that his interest in the mortgaged premises was subject and subordinate to the mortgage, but in his answer alleged facts showing that his claim or interest therein accrued long prior thereto. Under such circumstances, the bill should be dismissed, unless the plaintiff is prepared to prove that such claim in fact arose subsequent to the mortgage. Corning v. Smith, supra. The plaintiff has not attempted to do this.

The contention of the plaintiff, that because, subsequently to the making of the mortgage, the defendant Silberman began an action to restrain two of the other defendants from violating his rights by way of easement in the mortgaged premises and filed a notice of the pendency of the said action, therefore Silberman's rights or interest in

the mortgaged premises accrued subsequently to the said mortgage, is without foundation. The filing of the notice of the pendency of the action did not create Silberman's claim to, or interest in, the mortgaged premises. If any such claim or interest exists, it arose under deeds executed long prior to the mortgage. The fact that the violation of Silberman's right in the premises, and the commencement of the action to restrain such violation, and the filing of a notice of the pendency of such action, all occurred subsequently to the mortgage did not make the right itself either subject or subordinate to the mortgage. As well might one claim, if A. executed a mortgage upon premises which really belonged to B., and B. subsequently commenced an action of ejectment against A. and filed a notice of pendency thereof, that B. was a proper party defendant to an action to foreclose said mortgage because of filing such lis pendens. It may be that the defendant Silberman has not any right or easement, at all in the mortgaged premises. Because such right or easement, if it does exist, is paramount to that of the plaintiff by reason of his mortgage, I cannot determine that question in this action.

There must be judgment for the plaintiff for the foreclosure of his mortgage in the usual form as to all the defendants except the defendant Silberman. As to him the complaint is dismissed, with costs.

Judgment accordingly.