## James G. Summers v. Barton M. Bromley and others.

*Foreclosure: Adverse title.* It is not competent in a foreclosure suit, whatever the pleadings, to proceed to litigate and settle the right of a party who sets up a legal title which, if valid, is adverse and paramount to the title of both mortgagor and mortgagee.—CHRISTIANCY, CH. J., reserving his opinion.

*Foreclosure: Adverse title: Bill: Subsequent purchasers, etc.* But if that were possible in any case, a bill which simply brings in the adverse claimants under the usual allegation in foreclosure bills against subsequent purchasers and incumbrancers is not properly framed to raise such an issue or to support a decree upon the title of such adverse claimants.

*Practice: Costs.* Both sides having been somewhat at fault in proceeding without objection to litigate this question, which was not properly embraced in the pleadings, no costs are awarded to either party.

*Heard July 17 and 18. Decided October 14.*

Appeal in Chancery from Oakland Circuit.

*Crofoot & Brewer* and *A. C. Baldwin,* for complainant.

*Charles & W. N. Draper* and *G. V. N. Lothrop,* for defendants.

GRAVES, J.

This was an ordinary foreclosure cause on a mortgage made by defendant, Barton M. Bromley, to complainant's assignor, and dated March 9th, 1868. The only statement in the bill connecting the other defendants with the subject of the suit, or in any way implicating them, is one made under general rule ninety-one of the rules in chancery, and is in these terms: "And your orator further shows unto this court that Joseph Emerson, William Burbank, Jefferson Jones, John Barr, and Olive Bromley, have or claim some interest in the said mortgaged premises, or in some part thereof, as purchasers, mortgagees or otherwise, which interests, if any, have accrued subsequent to the lien of the said mortgage, and are subject thereto." None of the defendants, except two of those brought in under this particular allegation, namely, Emerson, and Olive Bromley, made defense. They put in separate answers, but their answers exhibited the same ground of defense, and it was, that when the mortgage was given the defendant Olive was the absolute and exclusive owner of the premises, and that the defendant Emerson succeeded to her absolute and exclusive title, by conveyance from her. It is true that the validity of this position was made to depend upon the genuineness or want of genuineness of an instrument antedating the mortgage, and which was placed on record and purported to be a deed of the premises from the defendant Olive Bromley, to the mortgagor Barton M. Bromley. But the question of forgery connected with the alleged deed was merely something involved in the defense, and needed to maintain it. It was not the fundamental defense itself. The ultimate and substantial question was, in whom did the title reside. On the face of the papers it purported to

reside in the mortgagor, Barton M. Bromley. The defense insisted that when the mortgage was given, it resided in Olive Bromley, who transferred to Emerson, in whom it had since continued to reside, and therefore that neither the mortgagor nor mortgagee possessed any title. The very gist of the defense was, the assertion of a title both hostile and paramount to that claimed for the mortgagor and mortgagee. On this the controversy was made to hinge. The complainant filed the usual general replication, and the parties went at great length into proofs upon this disputed question of title, and the court below decreed foreclosure and sale in the ordinary form, and in terms provided for barring defendants, and for giving possession to the purchaser. The defendant Emerson, who claimed under Olive as owner of the adverse and superior title, alone appealed.

The case has been argued with great fullness and ability, and it is much to be regretted that the litigation cannot be now closed. But that is impossible. The circumstances of the case, and the settled rules of law, are so plainly opposed to such a result as to preclude all doubt. The difficulty is at least two fold, and it is fundamental as well as formal. The real question was strictly legal, and one proper for a court of law.— *Welby v. Duke of Rutland, 6 Bro. Par. Cas., 575; Hipp v. Babin, 19 How., 271.*

In the first place, it is not competent in a foreclosure suit, whatever the pleadings, to proceed to litigate and settle the right of a party who sets up a legal title which, if valid, is adverse and paramount to the title of both mortgagor and mortgagee.—*Chamberlain v. Lyell, 3 Mich., 448; Wurcherer v. Hewitt, 10 Mich., 453; Banks v. Walker, 3 Barb. Ch., 438; Eagle Fire Co. v. Lent, 6 Paige, 637; Holcomb v. Holcomb, 2 Barb. S. C., 20; Corning v. Smith, 2 Seld., 82; Lewis v. Smith, 11 Barb., 152, S. C., 5 Seld., 502.* Our legislation respecting foreclosure proceedings does not countenance such litigation. The passage in the statute (*Comp. L.,* § *5154*), which declares that the commissioner's deed shall be an entire bar against each of the parties, must

be construed with the preceding and other members of the section so as to harmonize therewith and with the general spirit of the law. It cannot rightly be held to mean that in case neither the mortgagor or mortgagee had any title, the commissioner's deed shall have the effect to give the purchaser one, by barring the true owner. A court of equity is not the appropriate tribunal, nor is a foreclosure suit a suitable proceeding, for the trial of claims to the legal title which are hostile and paramount to the interests and rights and titles of both mortgagor and mortgagee. Such a trial will neither fall in with the nature of the jurisdiction, or the genius or frame of the particular remedy.

But, second, if it were possible to regularly investigate such a question, and from the record aptly made up in a foreclosure case, work out a decree directed to the adjudication of the point upon the title, the present bill is not so framed as to admit of it.

No issue is made by the pleadings upon this question of superiority of title, or even upon the subordinate and subsidiary controversy respecting the forgery of the deed. The bill affords no basis for any such issue. That proceeds agreeably to the rule of the court, and merely charges the defendants, Emerson and Olive Bromley, as persons claiming *subordinate* rights and interests. There is, then, no foundation in the bill for any decree upon the question of title.—See the cases last cited, also *Warner v. Whittaker, 6 Mich., 133 ; Wright v. Dudley, 8 Mich., 115 ; Barrows v. Baughman, 9 Mich., 213 ; Moran v. Palmer, 13 Mich., 367.*

It was not competent for the court below, and it is not competent for this court, to decree upon and bind the right set up by Emerson, and no writ of assistance could be rightly awarded to turn him out of possession. The purchaser must be left to try the hostile title set up by Mrs. Bromley and Emerson, in ejectment, where a jury may pass upon the question raised by the charge of forgery. That question is a very proper one to be submitted to such a

tribunal, while it is correctly considered as extremely unfit for a court of equity, unless the case is found to be a plain one.— *Barnesly v. Powel, 1 Ves. Sr., 120.*

The decree appears to be well enough as against the mortgagor, Barton M. Bromley, but it must be modified so far as to save it from operating against the adverse paramount right and title set up by Emerson and Olive Bromley, and so as to exclude any right to a writ of assistance, except as against Barton M. Bromley and the parties, if any, holding under him subsequent to the mortgage.

It would seem that both sides have been somewhat at fault in their proceeding to carry on an inadmissible controversy. It does not appear that any objection was raised anywhere to the irregularity. On the contrary all seem to have accepted the conflict willingly. The point should have been raised below, and in season. If it had been, it is to be presumed that the court below would have dealt with it correctly. I am therefore inclined to think that neither party ought to recover costs as against the other.

The cause should be remitted to the court below to carry out the decree as modified.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, CH. J.

I concur in the result, upon the ground that the title could not be litigated under this bill. I express no opinion whether it could properly have been contested under pleadings which should distinctly put the question of title in issue.