ISRAEL BELL v. EDGAR W. PATE, KATE PATE AND MARY
A. PATE.

*Adverse title not litigated by foreclosure proceedings.*

Foreclosure is not a proceeding in which to litigate the adverse and
paramount title of a defendant who claims under the foreclosure of
a previous mortgage, from which the complainant does not seek to
redeem.

Appeal from Wayne. Submitted Jan. 5. Decided Jan. 18.

FORECLOSURE. Defendant Mary appeals. Reversed.

*Ward & Palmer* for complainant.

*Moore & Moore* for defendant Mary A. Pate.

GRAVES, C. J. The sole purpose of complainant in filing
this bill was to obtain foreclosure of a mortgage executed to
him on the 12th of October, 1878, by the defendants Edgar
and Kate Pate, and at the same time to have a claim of title
asserted by defendant Mary, examined and cancelled.

The court below made the usual decree of foreclosure,
authorizing the premises to be sold, and in case of sale bar-
ring all rights and claims of the respective defendants, and
providing that the purchaser should be let into possession.
The defendant Mary A. Pate appealed. She is in possession
and holds, as the bill admits, under foreclosure of a mortgage
given by the grantor of complainant's mortgagor in 1877,
and hence prior to the mortgage in suit. The case admits
and the fact is evident that she is clothed with a colorable
right and title both adverse and paramount to the right and
title of the parties to the mortgage now sought to be fore-
closed, and that she relies on such apparent right and title
as an effectual protection against that mortgage. Whatever
force may be due to the objections to her title, this fore-
closure suit is not a proceeding in which to litigate them,
and it was not within the power of the complainant to com-

pel the adjudication of her claim in his action instituted to enforce payment of his mortgage.

There is no room for any theory that complainant desires to redeem against Mrs. Pate. The case is repugnant to that view. As there is no right to pass upon the validity of her title in this controversy, an examination of the criticisms made upon it by complainant's counsel is declined. The point now ruled was explained in *Summers v. Bromley* 28 Mich. 125. In addition to the authorities there cited see *Rathbone v. Hooney* 58 N. Y. 463; *Banning v. Bradford* 21 Minn. 308: 18 Amer. 398; *Dial v. Reynolds* 96 U. S. 340; *Peters v. Bowman* 98 U. S. 56.

As against the defendant Mary A. Pate the decree must be reversed and the bill dismissed, and she will recover her costs of both courts.

The case will be remitted as provided by statute.

The other Justices concurred.