JEROME DICKERSON v. EDWIN F. UHL AND WILLIAM E.
GROVE, IMPLEADED, ETC.

*Mortgage foreclosure—Parties—Prior liens.*

Prior lien-holders, or those claiming under a title paramount to the
mortgage, are not proper parties to a suit for its foreclosure,
nor can their claims be litigated in such suit.

Appeal from Kent.    (Montgomery, J.)    Argued April
19 and 20, 1888.    Decided October 5, 1888.

Foreclosure case.    Defendants Uhl and Grove appeal.
Decree reversed, and record remanded, with directions to
enter a decree against the defendants Huggard for the
amount found to be due on the $1,000 mortgage, upon a
recomputation.    The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for complainant.

*Edmund D. Barry (Jacob Ferris,* of counsel), for
defendant Uhl.

*William E. Grove, in pro. per.*

SHERWOOD, C. J.    On May 13, 1875, John Huggard
gave to Francis Huggard his note due in two years from
date for $3,000, with interest, and at the same time exe-
cuted to Francis a mortgage on the S. E. ¼ of section 1,
and N. ½ of N. E. ¼ of section 12, in township 10 N.,
of range 10 W., in the county of Kent, to secure the
payment of said note.

October 19, 1875, John Huggard conveyed to Francis
Huggard, in payment of about $500 of the said mortgage
money, the N. E. ¼ of the N. E. ¼ of said section 12,
part of the mortgaged premises.    The deed was duly

acknowledged and delivered, and Francis placed it of record in the office of the register of deeds for the said county of Kent. On November 6, 1876, John Huggard conveyed to Francis Huggard, in full payment of the balance of said mortgage money, the N. ½ of the S. E. ¼ of section 1, and the S. E. ¼ of the S. E. ¼ of section 1, and the N. W. ¼ of N. E. ¼ of section 12, of the said mortgaged premises. This deed was also duly acknowledged and delivered, and Francis Huggard placed it of record in the said register's office on the same day.

About February 20, 1877, Francis and John went to Cedar Springs together, and to the office of Nicholas R. Hill, a justice of the peace, and Francis had. Mr. Hill make out a satisfaction piece for said mortgage, which Francis then executed and acknowledged. It was witnessed by Mr. Hill and one Barber. Francis there, in the presence of those witnesses, delivered the satisfaction piece to John, and John took it home, placed it in a box with the note and mortgage, where he kept his papers, and he has since seen it there.

After the making of the $3,000 mortgage, and prior to its payment by the two deeds aforesaid, and on September 17, 1875, Isaac E. Messmore attached all these lands in a suit in the Kent circuit court against John Huggard, and such proceedings were therein had that Messmore recovered a judgment against John Huggard for $700 and upward, on which an execution was issued to the sheriff, and he levied on and sold the lands to Messmore, and in due time gave him a sheriff's deed thereof, which was placed of record in the office of the register of deeds for Kent county, May 19, 1879.

November 12, 1881, Francis applied to the complainant for a loan of $1,000, which he obtained, and gave his note, secured by mortgage on the lands above described, due in one year at 10 per cent. He also transferred by

assignment as further security the $3,000 note and mortgage.

The defendant Grove claims a lien upon the mortgaged premises by virtue of a judgment and levy against John and Francis Huggard in a suit begun by attachment on February 3, 1881.

Defendant Uhl claims to be the owner of the mortgaged lands, except 40 acres described as the S. W. ¼ of the S. E. ¼ of section 1, and as evidence of his title shows a quitclaim deed from defendant Messmore, dated September 29, 1885, who obtained his title as before stated.

The bill in the case is filed to foreclose the $1,000 mortgage. The bill, after describing the $3,000 mortgage given by John Huggard to Francis Huggard, and averring that the entire principal and interest remained due thereon from date, and that the premises therein described were thereafter transferred from John Huggard to Francis Huggard, states that, by reason of intervening claims and pretended claims of different parties, said mortgage was not canceled or discharged, but still held, as in equity it ought to have been, a valid and existing claim. This is all that is said in the bill in regard to the large mortgage, except that it was assigned by Francis, together with the note, to complainant as collateral to the small mortgage. Said assignment contained a clause that it was to be re-assigned when the $1,000 and interest was paid. The bill then contains the usual averments of a foreclosure bill, claiming the amount due on the small mortgage to be $1,450, and prays for a sale of the property, which is the same in both mortgages, to satisfy the decree, and, in case of deficiency, that the said John and Francis may be held personally liable for the payment of the same.

The defendants all appeared in the case, except Samuel B. Horne and Francis Huggard; and defendants Uhl,

Grove, John Huggard, and Messmore each filed his several answer. The bill was taken as confessed by defendants Horne and Francis Huggard.

Mr. Uhl in his answer says:

1. That the $3,000 mortgage was void, because given without consideration, and with· intent to defraud the creditors of John Huggard; and that Messmore was such creditor when the mortgage was. made.

2. That no consideration passed from complainant for the $1,000 note and mortgage, and that no valid debt was secured thereby.

3. That complainant took the one mortgage and the assignment of the other without consideration, and with knowledge of the fraudulent purpose of the Huggards, and ᵗo assist in consummating such frauds.

4. That if any money was actually secured by the latter mortgage, and the assignment of the former one, it has been fully paid.

5. That said first-mentioned mortgage was. and was intended to be, discharged by the quit-claim deeds from John to Francis.

6. That defendant Messmore acquired title to most of the mortgaged lands by sheriff's deed, as above stated, and that he has since deeded to defendant Uhl.

7. He insists that said first mortgage is wholly void as against him, and said second mortgage is of no effect as against his (Uhl's) deed of the premises; that his title is paramount and adverse to the mortgages; and asks that the bill be dismissed as against him.

John Huggard, in his answer, says he made the note and mortgage for $3,000 to Francis, mentioned in the bill, but that before November 12, 1881, he paid to Francis the full amount of said note and mortgage; that he conveyed the mortgaged land to Francis, except the homestead, which was for the payment of said note and mortgage; and that Francis thereafter made, executed, acknowledged, and delivered to him a proper written discharge of the mortgage; that he knows nothing of the small

mortgage. He also denies that there is the amount due upon the small mortgage claimed in the bill, and asks that the bill may be dismissed as to him.

Defendant Grove answered, and denies the validity of the $3,000 mortgage; admits the small mortgage, but denies that any unconditional assignment was made of the large mortgage to complainant, and does not admit the amount claimed to be due on the small mortgage; avers his interest in the premises to be as hereinbefore stated; that his interest was under a judgment rendered in favor of him and defendant Harris against the two Huggards, commenced by attachment on February 3, 1881; that said Harris assigned his interest in the judgment to him, said Grove, on April 1, 1882; that said judgment was for the sum of $201.52; that notice of the execution levy was filed with the register on February 21, 1882; that the complainant had notice of the defendant's judgment and attachment levy when he took the $1,000 mortgage; that said mortgage contains the following clause:

"And if said second party shall be compelled to pay any lien or claim against said land for his own protection, the same shall become a part of this mortgage, and draw interest at the same rate. And the said first party do hereby covenant and promise to and with said second party, representatives and assigns, that he, the said first party, will pay to said second party the full sum of one thousand dollars, with interest, as above provided, and other claims above provided."

That the said assignment of the said $3,000 mortgage made at the same time, although nominally as security for said loan of $1,000, was in fact taken, as this defendant is informed and believes, to prevent the said Francis Huggard from asserting the same as a first mortgage lien against the lien of said complainant's mortgage, and also to protect the said $1,000 mortgage from those claims of

creditors, which in said bill of complaint are described as "intervening claims," levied upon said lands prior to the said conveyances of the fee thereof to said Francis Huggard; that the mortgaged lands are abundant security to satisfy complainant's debt after the defendant's lien shall have first been paid; that at the time defendant's lien under his attachment was obtained, Francis owned the title in fee to the mortgaged property; that, at the time of the levy of said attachment, Francis and John Huggard had all the interest there was in said property, legal or equitable; and he claims that he is entitled to have his claim satisfied first out of any moneys arising from the sale of said property under this foreclosure proceeding, and prays the benefit of a cross-bill, and of such relief, and for decree establishing priority of his claim.

Defendant Messmore answered, admitting the execution of the $3,000 mortgage by John Huggard to Francis Huggard, but averring that it was without consideration, and was given to defraud creditors; that he was such creditor; and that complainant well knew of such fraudulent purpose. He admits the subsequent conveyance of the mortgaged premises by mortgagor to mortgagee, and alleges the same fraudulent purpose, and notice thereof to complainant. He admits the execution of the $1,000 mortgage, and denies that there was any consideration therefor. He admits the assignment of the mortgage, with same averments of fraud and knowledge, and sets up adverse title in himself derived from sheriff's deed on sale of the premises upon execution issued on a judgment in his favor against said John Huggard, mortgagor, in a suit commenced by writ of attachment after the execution and recording of said $3,000 mortgage, and insists that he is the lawful owner of the mortgaged premises, and that both of the mortgages mentioned in the bill are void as against him and his assigns.

The proofs were taken in open court before Judge Montgomery in the Kent circuit, who, on the 9th day of September, 1887, made a decree sustaining the validity of the $3,000 mortgage, and finding that there was due and unpaid thereon $5,587.08, and that the complainant had an interest therein to the amount due him, to wit, $1,582.50; which sum, with interest, the commissioner was directed to pay to him out of the proceeds of the mortgaged premises, and the remainder of the money realized upon the foreclosure sale the commissioner was directed to bring into court to abide its further order; and that the defendants be foreclosed and barred, etc.

From this decree defendants Edwin F. Uhl and William E. Grove appeal.

It is upon the theory that all these defendants are subsequent purchasers or incumbrancers that they are made parties to this suit. If any of their claims are prior in time to the date of the mortgage being foreclosed, it would not be the privilege of the complainant to call them into court and ask them to litigate such claims. It therefore becomes important to ascertain just what is trying to be done in this suit, and what is the object of the complainant's bill.

Solicitors for complainant in their brief say:

"The bill in this case was filed to enforce the collection of the amount due to the complainant from the defendant Francis Huggard upon a promissory note made November 12, 1881, for $1,000."

They further say this note was secured by a mortgage made by Francis Huggard to the complainant, of the same date and for the same amount, and covering the same lands as the $3,000 mortgage, which mortgage, and the note accompanying the same, were also assigned by Francis to complainant as security for the loan of the same $1,000. From this explanation by counsel, who filed

the bill, it seems quite evident that the foreclosure of the $1,000 mortgage was all that was intended in this suit, and the statements in the bill in relation to the $3,000 mortgage are entirely consistent with this view.

It seems very evident, however, the court did not take this view. It ascertained the amount due upon the $3,000 mortgage to be $5,587.08, and directed John Huggard to pay this amount to the complainant on or before the first day of November, 1887, with interest thereon at 7 per cent. from date of decree, with costs, and, in default of so doing, directed a sale of the premises to be made; in which case the court further directed that the commissioner, out of the proceeds of such sale, retain his fees, disbursements, and commissions on the sale, and pay to complainant his costs and the sum of $1,582.50, together with interest thereon from date of the decree at 10 per cent. (the latter being the sum found to be owing on the small mortgage), and that he bring the remainder into court.

It will be remembered, by the terms of the assignment of the $3,000 mortgage to the complainant, the latter was to re-assign the mortgage as soon as the $1,000 mortgage was paid. It would seem there was good reason for having the $1,000 mortgage foreclosed first; and such was not only the intention of the complainant, but such was in fact the object of the bill, as ascertained by the prayer, which is that the defendants may come to a fair and just accounting touching the amount due and owing upon the small mortgage and note accompanying the same, and that they, or some of them, may be decreed to pay the amount which shall be found to be due thereon, meaning the small mortgage.

No accounting is asked as to the amount due on the $3,000 mortgage, nor for any decree for payment of such amount, nor, in default in making payment, that the

lands may be sold to satisfy the mortgage ; nor is there any averment that no proceedings at law have been taken to obtain payment of the debt, nor is it averred that no portion of said debt has been paid. Indeed, it is only on information and belief of the complainant that anything is claimed to be due upon said mortgage. We think the decree, so far as it relates to the $3,000 mortgage, is entirely unauthorized by the bill.

The claim made by Mr. Messmore and Mr. Uhl was one existing long before the complainant obtained his mortgage, and is of title paramount and adverse to that of the mortgage if valid. Mr. Uhl, who is the sole owner of that claim, having purchased the same of Mr. Messmore after this suit was commenced, and who was allowed to take his place in the case by stipulation, expressly says in his answer that neither—

"He nor Messmore is a purchaser subject to said mortgages or either of them, but he holds title paramount and adverse to said mortgages."

There is no question but that the claim set up by Mr. Uhl and Mr. Messmore antedated the mortgage of complainant being foreclosed, and, being adverse to the said mortgage, cannot be litigated in this foreclosure suit. The bill is not framed to raise any such issue. No decree therefore could be rendered in favor of either of them, and neither were proper parties to the suit. *Summers v. Bromley,* 28 Mich. 125 ; *Wilkinson v. Green,* 34 Id. 221 ; *Bell v. Pate,* 47 Id. 468 (11 N. W. Rep. 275) ; *Banning v. Bradford,* 21 Minn. 308 ; *Rathbone v. Hooney,* 58 N. Y. 463 ; *Dial v. Reynolds,* 96 U. S. 340 ; *Peters v. Bowman,* 98 Id. 56.

Upon the claim of defendant Grove, the only question is as to the priority of lien. The complainant's lien, now being foreclosed, was acquired November 12, 1881, and defendant's on February 3, 1881, and on the same day

proper notice was given of the defendant's levy of his attachment by filing the same in the register's office. This shows he was not a subsequent incumbrancer, and should not have been made a party to the suit, as his interests are not affected thereby. Defendant Harris' claim was purchased in by defendant Grove after suit was commenced.

We have now considered all interests necessary for a proper disposition of the case. The decree must be reversed, and the bill dismissed as to all the defendants except John Huggard and Francis Huggard, with costs to Messmore, Uhl, and Grove; and the record will be remanded to the circuit court, with direction to enter a decree against the Huggards for the amount found to be due upon the $1,000 mortgage, upon a recomputation in accordance with the rule established by this Court.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.