## McCAMMAN *v.* DAVIS.

1. EVIDENCE—EQUITY—HEARING—PARTITION.
   The court must base its decree upon testimony given in open court, not upon knowledge which the judge may have of the situation.

2. SAME—VIEW OF PREMISES.
   Knowledge gained by the court, upon a view of the premises, might with propriety be used to determine which of two methods of sale should be adopted in partition proceedings, where both are supported by proofs; but may not be made the sole basis of a decree.

3. PARTITION—SALE—OFFERING SEPARATE PARCELS.
   While the primary object of the partition sale is to obtain the highest possible sum for distribution, and the court may subdivide a parcel for purposes of the sale, if convinced upon a proper showing that such course would produce a higher bid, an order so providing must be based on proofs.

4. SAME—PARTIES—TAX TITLES.

Former owners of tax titles, whose claims to real property are adverse, are not proper parties to partition proceedings.

5. SAME—EXPENSE OF CLEARING TITLE.

Complainants who procure an abstract of title and who, in good faith, purchase the interest of holders of tax titles against the premises at less expense than would be required by litigation to remove the consequent cloud upon the title, are entitled to be reimbursed from the proceeds of the partition sale.

Appeal from Ingham; Collingwood, J. Submitted June 7, 1910. (Docket No. 6.) Decided July 14, 1910. Rehearing denied December 8, 1910.

Bill by James R. McCamman and another against Charles J. Davis and others for the partition of certain real estate. From a decree ordering the property offered for sale first, in one parcel, afterwards in separate parcels, complainants appeal. Reversed.

*Horace S. Maynard,* for complainants.

*Samuel H. Davis,* for defendants.

Complainants are the owners of an undivided five-sixths interest in the N. E. ¼ of section 22, of town 4 north, of range 2 west, excepting therefrom the rights of way across said premises of two railroads. Defendant Charles J. Davis is the owner of the other undivided one-sixth interest in said premises. Complainants filed a bill for partition, setting out that the land lies in the city of Lansing, and that upon the same is located a large bed of gravel, of uncertain area and depth, of great value because of its proximity to said city. They aver that a physical division of the property cannot be made so as to secure to each owner with certainty his fair share, and pray that it may be sold in bulk, and the proceeds divided between the owners, according to their several interests. To this bill defendant Davis filed a plea, setting forth that there were of record two several tax deeds, covering a part or the whole of said description, and that the holders thereof or

their heirs should be made parties defendant. While this plea was pending, complainant purchased said tax titles for the sum of $36.79, and procured an abstract for the use of the court at an expense of $5. The plea was overruled, and defendants given leave to answer.

The answer of defendant Davis admits all the material averments of the bill, including the averment that a physical division of the tract cannot be made with equity, but prays that in making the sale the commissioner may be ordered to sell the premises in three parcels; the west parcel to contain about 50 acres, the center parcel to contain about 80 acres, and the east parcel to contain about 30 acres. The gravel deposit is located on the center parcel. Upon the hearing, both complainants were sworn, and both gave testimony to the effect that the property would, in their opinion, bring a higher price if sold as one parcel than it would if divided into three or more parcels. The defendant Davis offered no testimony. A hearing was had upon the settlement of the decree, at the conclusion of which the court entered a decree for the sale of the premises, paragraph 7 of which is as follows:

"(7) Such sale shall be made at public auction, and the premises shall be offered as follows:

"First. As three parcels described as follows:

"(a) All that portion of said premises lying west of the line formed by extending the center line of Lathrop street.

"(b) All that portion of said premises lying between the line formed by extending the center line of Shepard street and the line formed by extending the center line of Lathrop street.

"(c) All that portion of said premises lying between the line formed by the extension of the center line of Shepard street, and the east line of said premises.

"Second. As one parcel."

Complainants appeal.

BROOKE, J. (*after stating the facts*). It is urged by complainants that the court had no authority, under the proofs in this record, to do anything but decree a sale of

the parcel *en masse.* It is to be noted that the record is barren of testimony to the effect that a sale, as ordered by paragraph 7 of the decree, will or may produce more than a sale of the whole parcel *en bloc;* indeed, the only testimony in the case is that given by the complainants, who swear that, in their opinion, the property will bring a higher figure, if offered as one parcel. If the contention of defendant Davis, that the property will sell better in three parcels than in one, is well founded, it certainly should have been easy for him to have produced evidence to that effect for the guidance of the court. This he did not do. He even refrained from going upon the stand himself, and placing his opinion upon record, as to the best method of sale. It may be that he relied upon the knowledge of the court as to the situation. It is elementary that the court must base its decree upon testimony given in open court. Knowledge gained by a view of the premises might, with propriety, be used to determine which of two methods of sale should be adopted, where both are supported by proofs; but such knowledge cannot *alone* be made the basis of a decree. The primary object in a partition sale is, of course, to obtain the highest possible sum for distribution, and there is no doubt of the authority of the court to subdivide a single parcel for the purposes of such sale, if convinced *upon a proper showing* that such course would produce a higher figure than a sale in a single parcel; but, as we have pointed out, no such showing was made, and there was therefore no basis for the decree entered.

Should complainants have been reimbursed, from the proceeds of the sale, the expense incurred in buying in the tax titles and procuring an abstract? It is clear that the former owners of the tax titles, their claims to title being adverse, were not proper parties defendant in this proceeding. *Summers* v. *Bromley,* 28 Mich. 125; *Wilkinson* v. *Green,* 34 Mich. 221; *Bell* v. *Pate,* 47 Mich. 468 (11 N. W. 275); *Hayward* v. *Kinney,* 84 Mich. 591 (48 N. W. 170). Defendant Davis, at the time he filed his

plea, evidently considered these outstanding titles such a cloud upon the title held by himself and complainants as to warrant their removal. To have filed a bill for this purpose, even supposing the absolute invalidity of the claims, would probably have involved the expenditure of a larger sum than was paid by complainants in purchasing the titles. Complainants apparently acted in good faith and for the purpose of clearing the title, in order that prospective bidders at the sale might not be deterred from offering the full value of the property. In an equitable proceeding, in the absence of any indication of bad faith, we can see no reason for denying complainants reimbursement for this item as well as for the abstract. Both were made for the benefit of the estate, and both were, in our opinion, necessary to insure a sale at the best price obtainable.

A decree will be entered providing for the sale of the premises in a single parcel, and providing, further, for the payment, from the fund, of the sums expended by complainants, above referred to. In other respects, the decree is affirmed, with costs to appellants.

Bird, C. J., and McAlvay, Blair, and Stone, JJ., concurred.